Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Pittsburgh Public Theater Corporation, Appellee.

Argued April 4, 1983, before Judges BLATT, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Kenneth W. Makowski,* with him, *Gary DiVito, Patrick M. McHugh,* Assistant Counsel, and *J. Leonard Langan,* Chief Counsel, for appellant.

*Roslyn M. Litman, Litman, Litman, Harris & Portnoy, P.A.,* for appellee.

OPINION BY JUDGE MACPHAIL, May 4, 1983:

Before this Court is the appeal of the Pennsylvania Liquor Control Board (Board) from an order of the

Court of Common Pleas of Allegheny County in a matter which might appropriately be called "the case of the mixed-up modifier." For the reasons which follow, we affirm.

Pittsburgh Public Theater Corporation (PPT) is a nonprofit performing arts group in the city of Pittsburgh. On August 7, 1981, PPT applied to the Board for the transfer of a restaurant liquor license to a city-owned theater facility, having a seating capacity of approximately 350 persons, which PPT occupies under a rent-free lease with the city. The Board denied the transfer application on the basis that the facilities did not provide a minimum seating capacity of 1000. The Common Pleas Court reversed on the grounds that the facilities were not subject to a minimum seating requirement.

The resolution of this case depends upon the interpretation to be given to Section 408.7(a) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* added by Section 3 of the Act of December 12, 1980, P.L. 1195, 47 P.S. §4-408.7(a). Section 408.7(a) provides, in pertinent part:

> The board is authorized to transfer a restaurant liquor license purchased by any person . . . for the retail sale of liquor and malt or brewed beverages . . . for consumption on any city-owned premises utilized as a performing arts facility or any other premise [sic] utilized as a performing arts facility where there is an available seating capacity within the premises of one thousand or more . . .

As is readily apparent, the above-quoted provision is susceptible to two interpretations. The Board contends that the clause "where there is an available seating capacity within the premises of one thousand or more" modifies the entire preceding portion of the

section; thus, city-owned premises would be subject to the 1000 seat requirement and PPT would not be entitled to a license transfer. PPT, however, interprets the 1000 seat qualifier as being applicable only to the "any other premises" portion of Section 408.7(a); by this interpretation, PPT would be entitled to the license transfer to the premises which it occupies.

In such cases, we must turn to the rules of construction provided in the Statutory Construction Act of 1972, 1 Pa. C. S. §1501-1991, in order to interpret Section 408.7(a). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. *Every statute shall be construed, if possible to give effect to all its provisions.*" 1 Pa. C. S. §1921(a) (emphasis added). If we were to adopt the Board's interpretation of Section 408.7(a), there would be no purpose in delineating city-owned premises from any other premises[1] and the "city-owned" provision would thus be irrelevant. By adopting PPT's interpretation, however, a meaningful distinction would be drawn between 1) city-owned performing arts facilities and 2) other performing arts facilities with seating capacity of 1000 or more. "Whenever possible each word in a statutory provision is to be given meaning and not to be treated as surplussage." *Matter of Employees of Student Services,* 495 Pa. 42, 52, 432 A.2d 189, 195 (1981).[2]

---

[1] The Board has not directed us to, nor has our own research disclosed, any other Liquor Code provision which would necessitate distinguishing city-owned performing arts facilites from other performng arts facilities.

[2] The interpretation which we have adopted is also logical in its effect. The Legislature certainly could have believed that the bona-fides of a performing arts facility owned by a city were sufficiently certain without the added stricture of a minimum seating capacity. *Cf.* Section 408.5(a) of the Liquor Code, 47 P.S. §4-408.-5(a) (any city-owned art museum may obtain a liquor license,

We are thus led to the conclusion that the interpretation given to the statutory provision by the trial judge is correct.

### ORDER

The order of the Court of Common Pleas of Allegheny County in No. S.A. 150 of 1982, dated February 18, 1982, is hereby affirmed.

whereas an art museum maintained by a non-profit corporation must have a minimum floor area of 100,000 square feet before a liquor license can be issued for it).